USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
PERNOD RICARD USA, LLC,             :
                                    :
                        Plaintiff,  :
                                    :   09 Civ. 2999 (MGC)
        v.                          :
                                    :
WHITE ROCK DISTILLERIES, INC. A/K/A :
CALICO JACK, LTD.,                  :
                                    :
                        Defendant.  :
-----------------------------------x

## PERMANENT INJUNCTION AND FINAL JUDGMENT

The Court hereby enters the ORDER below, based on the following facts:

A.      In 1983, Plaintiff Pernod Ricard USA, LLC's ("Pernod Ricard") predecessor in interest launched MALIBU® rum as a coconut flavored rum. Based on the success of the coconut flavored version of MALIBU® rum, additional flavored rums have been added to the MALIBU® family, including pineapple, mango, banana, passion fruit and melon. All MALIBU® rum products are packaged in the same distinctive packaging: an opaque white bottle featuring an image of palm trees and a setting sun on the front of the bottle and a stylized palm tree design on the neck label. The MALIBU® brand is widely recognized as the market leader in flavored rum.

B.      Since its introduction, the MALIBU® brand has achieved renown, including in the industry, the press, and among consumers. It also has enjoyed a consistently high level of commercial success. Notwithstanding the addition of numerous competitors in this category, the MALIBU® brand remains the recognized category leader

in fruit-flavored rums and its white bottle is one of the most recognized spirits packages in the world.

C.  The trade dress of MALIBU® rum is one of the most important ways in which consumers identify the brand on the shelf. Pernod Ricard devotes a great deal of marketing resources to ensuring that its MALIBU® bottles are easily visible where sold, and in ensuring that MALIBU® bottles stand in sharp contrast to the standard clear or tinted bottles that line the shelves of supermarkets, liquor stores and bars. In this way, potential new customers easily locate the product, recognize it from its distinctive and familiar white bottle, and want to try it themselves. Likewise, the unique white bottle enables returning customers to easily identify the MALIBU® brand without the requirement of sifting through a sea of visually similar bottles.

D.  As shown below, the key elements of MALIBU® rum's distinctive trade dress include but are not limited to:

(i)  the opaque white color of the bottle;

(ii)  an image on the front of the bottle of a beach scene featuring palm trees and a setting sun;

(iii)  a stylized palm tree design on the neck label;

(iv)  the distinctive font used for the brand name MALIBU® and for descriptive words such as "COCONUT" and "RUM"; and

(v)  a brown cap.



E.   The MALIBU® bottle trade dress is registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") as United States Trademark Registration No. 3,393,773. In addition, Pernod Ricard has applied to register the white color of the MALIBU® bottle as a trademark, which application has been assigned Serial No. 77/649,693 (the "Application"), and the USPTO has approved said application for publication in the *Official Gazette*. White Rock Distilleries, Inc. a/k/a Calico Jack, Ltd. ("White Rock") has filed a request to extend time to file an opposition to the Application and has indicated its intention to oppose the Application.

F.   Pernod Ricard prominently features the white MALIBU® bottle in its advertisements. In fiscal year 2007-2008, Pernod Ricard spent approximately $36 million advertising and promoting the MALIBU® brand in the United States. Virtually

all of these ads feature images of the iconic MALIBU® bottle and/or other images building on the MALIBU® brand's white colored bottle or its palm tree logo and tropical beach theme. In fiscal year 2008-2009, Pernod Ricard spent even more promoting the MALIBU® brand in the United States; it spent nearly $39 million on advertising and promotion. For fiscal year 2009-2010, Pernod Ricard has budgeted $44 million for advertising and promoting the MALIBU® brand in the United States.

      G.    As part of its marketing approach, Pernod Ricard also has invested in "events marketing," making MALIBU® rum products available at high profile party and sampling events and public relations activities. For example, in 2007, Pernod Ricard created the "Noche Blanca" program, a MALIBU® rum sampling party program aimed at Hispanic nightclub goers nationwide, who are encouraged to come to the nightclub parties dressed in white (which reinforces the white color of the MALIBU® trade dress) and sample new cocktails made with MALIBU® fruit-flavored rums. The name for the event translates in English to "White Night," enabling Pernod Ricard to build the association with the MALIBU® white bottle.

      H.    MALIBU® beverages have enjoyed steady sales growth since their original introduction in 1983 and since the introduction of additional fruit-flavored rum lines in 2003. In fiscal year 2007-2008, net sales from MALIBU® beverages in the United States reached more than $130 million, representing the sale of more than 16 million liters of MALIBU® rum. MALIBU® is the number three rum brand in the U.S., according to both volume and value, and the number one flavored rum. MALIBU® is also among the top 25 premium spirits in the world.

I. Pernod Ricard thus owns valid, strong and enforceable rights in its MALIBU® trade dress. The MALIBU® trade dress is famous amongst the general consuming public.

J. White Rock adopted the trade dress that appears below in connection with its BARBAROSSA, BAROCA and JACK lines of flavored rum beverages (together, the "White Bottle Products"):



K. The trade dress of the White Bottle Products includes the following elements:

(i) an opaque white color;

(ii) an image on the front of the bottle of a beach scene featuring palm trees;

(iii) a stylized palm tree design on the neck label; and

(iv) block letters for the BAROCA and JACK brand names and descriptive words such as "COCONUT" and "RUM."

L.  On March 27, 2009, Pernod Ricard filed the complaint in this action against White Rock, alleging, *inter alia*, trade dress infringement and false designation of origin, trade dress dilution, deceptive acts and practices and unfair competition. The complaint was served on White Rock on March 30, 2009. Pernod Ricard filed an amended complaint on October 2, 2009 ("Amended Complaint").

M.  In its Amended Complaint, Pernod Ricard stated that retailers and consumers are likely to purchase the White Bottle Products under the mistaken belief that they come from, are sponsored or licensed by, or are associated or affiliated with, Pernod Ricard, the maker of MALIBU® rums. Notwithstanding the prominent use of the BARBAROSSA, BAROCA and JACK names on the White Bottle Products' labels, Pernod Ricard asserted, the use of the opaque white bottle that has become so associated with MALIBU® rums on a competing product is likely to cause confusion among retailers and/or consumers. Pernod Ricard also asserted that White Rock's manufacture, distribution, sale and promotion of the White Bottle Products is likely to dilute and detract from the distinctiveness of the MALIBU® trade dress.

N.  This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338 and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The amount in controversy is in excess of $75,000, exclusive of interest and costs. This Court has personal jurisdiction over White Rock pursuant to N.Y. Civ. Prac. L. & R. §§ 301 & 302(a). Venue is proper in this District pursuant to 28 U.S.C. § 1391.

O. Without any admission of liability or wrongdoing, White Rock has stipulated to entry of this Permanent Injunction and Final Judgment (the "Final Judgment").

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. Permanent Injunction: White Rock and all those in active concert or participation with White Rock (including, but not limited to, White Rock's officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and contracting parties, and shareholders) are immediately and permanently enjoined, other than as set forth more fully in the parties' settlement agreement, which provisions are incorporated herein by reference, on a worldwide basis, from:

    a. manufacturing, distributing, shipping, advertising, marketing, promoting, selling or otherwise offering for sale the White Bottle Products in their present trade dress or in any other trade dress that is substantially similar thereto (including but not limited to any trade dress containing a white bottle), or registering such trade dress as intellectual property (including but not limited to trademarks, copyrights, designs, domain names or any other form of tangible or intangible property) in any jurisdiction worldwide; and

    b. manufacturing, distributing, shipping, advertising, marketing, promoting, selling, or otherwise offering for sale any rum-based

product in any trade dress featuring (i) a white bottle, (ii) a brown cap, (iii) a palm tree design, or (iv) a sun logo, or (v) in any other trade dress that is confusingly similar to that of MALIBU® rum, or registering any trade dress featuring such elements as intellectual property (including but not limited to trademarks, copyrights, designs, domain names or any other form of tangible or intangible property) in any jurisdiction worldwide; and

c.  manufacturing, distributing, shipping, advertising, marketing, promoting, selling or otherwise offering for sale any potable distilled spirit (i) in a white bottle, or (ii) in any bottle using a palm tree and sun design that is substantially similar to the MALIBU® palm tree and sun logo shown in United States Trademark Registration Nos. 1,374,134, 2,753,624, 2,989,885, 3,393,773 and United States Application Serial No. 77/804,896, or registering any trade dress featuring such elements as intellectual property (including but not limited to trademarks, copyrights, designs, domain names or any other form of tangible or intangible property) in any jurisdiction worldwide; and

d.  applying for registration of any intellectual property (including but not limited to trademarks, copyrights, designs, domain names or any other form of tangible or intangible property) in any

        jurisdiction worldwide that is confusingly similar to the MALIBU® word mark; and

    e.    representing, by any means whatsoever, that any products manufactured, distributed, shipped, advertised, marketed, promoted, sold or offered for sale by White Rock are Pernod Ricard's products or vice versa, and from otherwise acting in a way likely to cause confusion, mistake or deception on the part of retailers, purchasers or consumers as to the origin or sponsorship of such products; and

    f.    doing any other acts or things calculated or likely to cause confusion or mistake in the minds of the public or to lead retailers, purchasers or consumers into the belief that White Rock's products come from Pernod Ricard or are somehow sponsored or licensed by, or associated or affiliated with, Pernod Ricard or its products; and

    g.    otherwise unfairly competing with Pernod Ricard; and

    h.    opposing the Application or seeking cancellation of any registration issued as a result of the Application.

2.    <u>Judgment</u>: White Rock is hereby ordered to reimburse Pernod Ricard for its attorneys' and survey experts' fees and costs incurred in connection with this litigation.

3. <u>Dismissal</u>: This lawsuit is dismissed with prejudice with each party to bear its own costs and expenses.

4. <u>Continuing Jurisdiction</u>: Jurisdiction is retained by the Court to enforce compliance with this Final Judgment. If either party is found to have violated any term of this Final Judgment, the non-breaching party shall be entitled to recover its reasonable attorneys' fees and costs in connection with such violation and the enforcement thereof.

5. No appeals shall be taken from this Final Judgment.

SO ORDERED this 22nd day of February, 2010

_____
Miriam Goldman Cedarbaum, U.S.D.J.